SELLE v. BOULET TRANSPORTATION COMPANY

(December 10, 1928. Opinion and Decree.)

Hry. Fallon, of New Orleans, attorney for plaintiff and appellee.

Beard and O'Keefe, of New Orleans, attorneys for defendant and appellant.

JONES, J. The sole question before us is the amount of damages done to plaintiff's Ford touring car.

Plaintiff sued the Boulet Transportation Company and the City of New Orleans for $169.80, alleging that his car had been legally parked on the right side of Dumaine Street and that trucks of the two defendants' had collided and knocked the Boulet Transportation Company's truck into the back of his Ford, thereby causing the damage. He attached to and made part of his petition the following itemized statement:

"STAIR-LASKER MOTORS CO., INC.
"New Orleans
"October 13, 1927.
"Approximate cost of installing and furnishing new 1926 Touring Body and repairing car bearing license number 173845, made up as follows:

| | |
|---|---|
| New Touring Car Body Installed | $141.00 |
| Rear top curtain installed | 4.50 |
| Windshield glass installed | 3.30 |
| Tire carrier fork installed | 1.00 |
| Overhauling rear end | 12.00 |
| Miscellaneous repairs | 8.00 |
| | $169.80" |

The City of New Orleans filed an exception of no cause of action, which was subsequently maintained. There was judgment in the lower court against the Boulet Transportation Company, for the amount claimed, $169.80, and it has appealed to this court suspensively.

In his oral argument and brief, appellant admits his liability for some damage, but argues strenuously that it was unnecessary to install a new touring car body for $141.00 and that a rear panel, costing about $30.00, would have been sufficient. In support of this argument he quotes two decisions of this court to the effect that the measure of damages which a plaintiff may recover against a defendant who has injured his car in a collision, is the cost of having his car made as good as it was before the accident.

This principle we readily admit, but we fail to see its application here.

On the trial of the case, plaintiff himself testified that the whole rear end of the car was mashed in, the front windshield was broken and the rear end was never right afterwards; that the whole body was loosened, the front doors mashed in, and none of the doors would shut; that when he went to the repair company and asked for an estimate, he told them to look over the car and see what was needed, and they gave him the above itemized statement; that he had also told them that he wanted a new body because he did not think the old body could be fixed; that the car was in perfect condition before the accident, as he only used it to go to his office and it was only one year and nine months old. On cross-examination he admitted that he was not an automobile mechanic and that he was not an expert on the subject, but still insisted that he did

not believe that the old body could be repaired because the "woodwork was all split."

August Lagarde, witness for plaintiff, who was driving the truck of the City, testified that the whole front of the truck struck the Ford in the middle of the back and that the Ford was all bent in.

Roy Lagarde, who was riding on the City truck with his brother, testified that 'the Ford was pretty badly damaged, but he could not give the details.

Charles Vicknair, who was also on the City truck, testified that the back of the Ford was "all knocked in" and that it was pretty badly damaged.

James Avetant, a witness for plaintiff, also testified that the car was badly damaged and all the back was pushed in.

W. C. Cochran, who was driving the Boulet truck, testified that the back of the Ford was "all pushed in."

Benoist, the expert mechanic of the Stair-Lasker Company, who prepared the estimate for repairs to the car, testified that the car was all bent in; that there was a big hole in the side, the top was broken, the windshield broken; that the repairs were for parts damaged by the collision; that it would have cost as much to repair the parts as it did to put on a new body; that the top was torn, that the ribs were torn and the top bolster broken; that it would have cost about $30.00 to put in a new rear panel and that he did not include the top in the estimate because the new body included the top.

The above analysis shows the following:

That the whole rear of the car was mashed in; that none of the doors would open; that the expert thought it would cost more to do the repairing than it would to put on a new body. There is absolutely no evidence that the insertion of a rear panel would have been sufficient, nor is it shown how much the repairs to the top and sides would have been if this had been done.

We think that the evidence amply sustains the finding of the lower court, and for this reason the judgment is affirmed.